**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ROXIE VONLINTEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 14-4125-KHV** |
| ) | |
| **EAGLE COMMUNICATIONS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Plaintiff's Motion For Leave To File Surreply (Doc. #27) filed April 20, 2015 and Defendant's Motion For Partial Summary Judgment (Doc. #13) filed February 11, 2105. Plaintiff seeks to file a surreply to defendant's reply to plaintiff's response in opposition to defendant's motion for partial summary judgment. Defendant contends that it is entitled to summary judgment on plaintiff's disparate impact claim because plaintiff failed to exhaust administrative remedies on this claim. Having carefully reviewed the arguments of the parties, the Court finds that plaintiff's motion should be denied and defendant's motion should be granted for the following reasons.

I.

Plaintiff filed this action against her former employer, Eagle Communications, Inc., on December 9, 2014. In her complaint, she asserts claims of age discrimination and retaliation pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Kansas Age Discrimination in Employment Act (KADEA), K.S.A. § 44-1001 et seq. Specifically, she alleges claims of disparate treatment, disparate impact and retaliation. Defendant contends that plaintiff has failed to exhaust administrative remedies on the disparate

impact claims under the ADEA and the KADEA.  Defendant asserts that plaintiff failed to raise these claims in either her Equal Employment Opportunity Commission (EEOC) or Kansas Human Rights Commission (KHRC) complaint.

## II.

Plaintiff seeks to file a surreply to defendant's reply.  Plaintiff argues that a surreply is necessary because defendant has raised new arguments and evidence in its reply.  Specifically, plaintiff suggests that she is entitled to file a surreply because defendant has (1) offered a new argument by contending that representations in its answer meet the requirements of Fed. R. Civ. P. 8(b); and (2) provided "new evidence" by attaching EEOC investigation notes to its reply brief.

The local rules of this Court contemplate only the filing of responses and replies to motions.  They do not contemplate the filing of surreplies.  See D. Kan. Rule 7.1(c).  Surreplies are disfavored and will only be permitted in exceptional circumstances, such as when new material is raised for the first time in movant's reply.  See Locke v. Grady Cnty., 437 Fed. Appx. 626, 633 (10th Cir. 2011); Drake v. Cox Commc'ns, Inc., 2011 WL 2680688 at *5 (D. Kan. July 7, 2011).

The Court finds no merit to plaintiff's contention that the defendant offered a "new argument" by responding that its answer complied with Rule 8.  Defendant's argument was simply a rebuttal to the argument offered in plaintiff's response.  There, plaintiff contended that defendant's answer had admitted that plaintiff had exhausted administrative remedies.  Defendant replied with an argument that its answer made no such admission and explained why.  A reply which merely responds to matters placed in issue by the response, and "does not spring upon the opposing party new reasons for the entry of summary judgment" is entirely proper.  See

Stevens v. Water Dist. One, 561 F.Supp.2d 1224, 1232 (D. Kan. 2008).  Defendant's reply was simply an effort to rebut plaintiff's argument.  As a result, no surreply on this contention is necessary.

The Court also finds no merit to plaintiff's second argument on the need for a surreply.  In its reply, defendant did refer to the notes of the EEOC investigator.  Before that reply, neither party had referred to those notes.  However, the notes do not constitute the type of "new evidence" that would allow a surreply.  In referring to the notes, defendant was responding to plaintiff's argument that the EEOC Intake Questionnaire was a formal charge.  Defendant cited the investigator's notes to dispute plaintiff's statement of facts on this issue.  The notes were not new evidence since plaintiff was aware of the notes and, in fact, had participated in the interview with the investigator.  In sum, the Court finds that plaintiff is not entitled to present a surreply on this issue.  Accordingly, plaintiff's motion to file a surreply shall be denied.

III.

The Court now turns to defendant's motion for partial summary judgment.  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The requirement of a genuine issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Essentially, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  Id. at 251-52.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial.  See Anderson, 477 U.S. at 256.  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial.  Id.  Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  See id.

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the Court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial.  See Anderson, 477 U.S. at 249.  Second, the Court must resolve all reasonable inferences and doubts in favor of the non-moving party and construe all evidence in the light most favorable to the non-moving party.  See Hunt v. Cromartie, 526 U.S. 541, 550–55 (1999).  Third, the Court cannot decide any issues of credibility.  See Anderson, 477 U.S. at 255.

Summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

IV.

The following facts are uncontroverted. Eagle hired plaintiff in 1998, and she held the position of Human Resources Director. On April 9, 2014, plaintiff resigned. At the time, she was 66 years old.

On July 18, 2014, plaintiff submitted an unverified Intake Questionnaire to the EEOC. In the Questionnaire, she indicated that she wished to assert claims of discrimination based on age and sex, and retaliation. In an attachment to the Questionnaire, she made the following allegations:

> Additional response to Question 5.B.:
> At another meeting in Fall 2013, the CEO made the statement to the effect that "We've got to keep the company rolling and it is going to take fresh, new, young people." In October 2013, I complained to the COO about my concerns over age discrimination directed at me. The CEO and COO constantly made demeaning comments about the older employees.
> In January and February 2014, various key duties were removed from my handling as the HR Director without any reason. In March 2014, I was excluded from a meeting of Managers to occur in July. Through a 2014 Action Plan supplied for review in April 2014, I was instructed to focus on "new and younger employees." On April 9, 2014, in complaining about my compensation being significantly different than other younger employees, I quit due to upper managements actions directed at me in the form of continued discrimination and retaliation.
> Additional response to Question 6:
> Statements were directed at having older employees leave the company. The practice of the Company had developed to treat older employees differently and force them to leave. I individually complained about the age discrimination comments since I am over 60 years old. After I complained, I was retaliated against in performing my work and handling issues in my position.
> As to my compensation, my pay increase was significantly lower than younger employees with less responsibility and experience. It was also determined that many of the older employees received a significantly less increase than younger employees without any reason which I could identify as the Human Resource Director. I also identified that my compensation and that of other females was different than that of the males in the Company.

On July 23, 2014, the EEOC issued a "Notice of Charge of Discrimination" to defendant. The "Notice" indicated that a "[a] perfected charge (EEOC Form 5) will be mailed to you once it

has been received from the Charging Party." A copy of the EEOC Intake Questionnaire was not provided.

On July 29, 2014, an EEOC investigator interviewed plaintiff. Plaintiff's counsel was present. The investigator's interview notes reveal the following:

> I asked [plaintiff's] attorney how he wanted to handle the perfecting of the charge and he indicated he would write the charge and have [plaintiff] sign the charge and then he would forward it to me. With that, we concluded the conversation and neither [plaintiff] nor [plaintiff's] attorney had any questions regarding my recommendation or analysis of the evidence presented.

On August 11, 2014, plaintiff filed a charge of discrimination with the EEOC. In the EEOC complaint, plaintiff alleged that Eagle discriminated against her based on sex and age, and that it engaged in unlawful retaliation. Plaintiff made the following specific allegations:

> In June 2013, I complained to the CEO for Eagle Communications, Inc. that his statements about age at a meeting made me uncomfortable and were offensive. At another meeting in Fall 2013, the CEO made additional age related statements about the employees. In October 2013, I complained to the COO about my concerns over age discrimination directed at me since I complained. The CEO and COO frequently made demeaning comments about the older employees. Older employees were being subjected to adverse action without any reason.
>
> After my complaints of discrimination, various duties were removed from my handling as the HR Director without any reason. On April 9, 2014, in complaining about my compensation compared to that of younger employees, I quit due to upper managements (sic) actions directed at me in the form of continued discrimination and retaliation.

On September 4, 2014, plaintiff filed a complaint with the KHRC. In the KHRC complaint, plaintiff also alleged that Eagle discriminated against her based on sex and age, and that it engaged in unlawful retaliation. Plaintiff provided the following facts in her complaint:

> I. I am female. I was born on. . ., and I am sixty-six (66) years old. I have, on my own behalf, openly objected to acts and practices forbidden by the Kansas Age Discrimination in Employment Act.
>
> II. I was employed by the Respondent until April 9, 2014. I last held the position of HR Director.

> A. From June 1, 2013, to April 9, 2014, I was subjected to offensive comments regarding my age. In June 2013, I complained to the CEO for Eagle Communications, Inc. that his statements about age at a meeting made me uncomfortable and were offensive. At another meeting in Fall 2013, the CEO made additional age related statements about the employees. In October 2013, I complained to the COO about my concerns over age discrimination directed at me since I complained. The CEO and COO frequently made demeaning comments about the older employees. Older employees were being subjected to adverse action without any reason. After my complaints of discrimination, various duties were removed from my handling as the HR Director without any reason.
>
> B. On April 9, 2014, in complaining about my compensation compared to that of younger employees, I quit due to upper managements (sic) actions directed at me in the form of continued discrimination and retaliation.

I hereby charge Eagle Communications, Inc. and its Representatives with a violation of the Kansas Act Against Discrimination and the Kansas Age Discrimination in Employment Act, in that I was subjected to offensive comments due to my age, sixty-six (66), and subjected to my job duties being removed, disparate wages, and constructively discharged due to my sex, female, my age, sixty-six (66), and as acts of retaliation for having openly objected to acts and practices forbidden by the Kansas Age Discrimination in Employment Act.

Because plaintiff filed her KHRC complaint after she filed her EEOC complaint, the EEOC had first jurisdiction in investigating her claims. On September 11, 2014, plaintiff received an EEOC notice of right-to-sue.

V.

In its motion, defendant contends that plaintiff failed to exhaust administrative remedies on her disparate impact claim because she did not raise it in either her EEOC or KHRC complaint. Plaintiff responds that (1) defendant has admitted that she exhausted administrative remedies; and (2) she exhausted administrative remedies by asserting her disparate impact claim in the EEOC Intake Questionnaire.

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the ADEA and KADEA. See Leo v. Garmin Int'l, No. 09-cv-2139-KHV, 2009 WL 3122502 at *4 (D. Kan. Sept. 24, 2009) (citing Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304 (10th Cir. 2005)) (ADEA); Clary v. Marley Cooling Tower Co., No. 96-2277-KHV, 1997 WL 150048 at *11 (D. Kan. Mar. 12, 1997) (KADEA). Plaintiff bears the burden to establish that the court has subject-matter jurisdiction.  See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003).  "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."  Jones v. UPS, Inc., 502 F.3d 1176, 1186 (10th Cir. 2007) (quoting MacKenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005)). Thus, to exhaust administrative remedies, "the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim[, because] each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted." Manning v. Blue Cross and Blue Shield of Kansas City, 522 Fed. Appx. 438, 440-41 (10th Cir. 2013) (quoting Jones, 502 F.3d at 1186 (internal quotation marks omitted)).

The ADEA distinguishes claims of disparate treatment and claims of disparate impact. See Pippin v. Burlington Res. Oil & Gas, 440 F.3d 1186, 1189 (10th Cir. 2006). Under the ADEA, disparate treatment occurs when defendant treats plaintiff less favorably because of age. See id. at 1192.  A claim of disparate impact, unlike a claim of disparate treatment, does not require a finding of intentional discrimination.  Id. at 1199.  To the contrary, the entire "necessary premise of the disparate impact approach is that some employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to

intentional discrimination." Id. Thus, an employee must point to both a significant disparate impact and a particular policy of practice that caused the disparity. Id. at 1200.

The Court begins with plaintiff's argument that defendant's answer admitted that plaintiff had exhausted administrative remedies. Frankly, the Court finds no support for this argument.

Paragraphs 10 and 11 of plaintiff's complaint state as follows:

10. This Court has subject matter jurisdiction over Ms. VonLintel's federal law claims pursuant to 28 U.S.C. § 1331.
11. This Court has supplemental jurisdiction over Ms. VonLintel's state law claims pursuant to 28 U.S.C. § 1367.

In its answer, defendant responded to those paragraphs as follows:

10. With regard to the allegations of Paragraph 10, defendant admits that the Court has subject matter jurisdiction, insofar as plaintiff has timely and fully exhausted the administrative remedies available to her.
11. Defendant admits the allegations of Paragraph 11, insofar as plaintiff has timely and fully exhausted the administrative remedies available to her.

Based upon the defendant's responses, plaintiff suggests that defendant has admitted that she exhausted administrative remedies. This argument is related to plaintiff's argument that she filed a timely charge through the submission of an Intake Questionnaire on July 18, 2014. Thus, plaintiff contends that since she filed a timely charge of discrimination, defendant has admitted that she exhausted her administrative remedies.

The language in paragraphs 10 and 11 of defendant's answer may suggest an admission that plaintiff has exhausted her administrative remedies. The remainder of the answer, however, indicates that defendant does not admit that plaintiff exhausted administrative remedies. In paragraph 15 of her complaint, plaintiff states: "Ms. VonLintel exhausted her administrative remedies prior to bringing this action against Defendant." Defendant's answer responds as follows: "With regard to the allegations of Paragraph 15, defendant admits that plaintiff has exhausted her administrative remedies only insofar as her claims are limited to those that were

9

the subject of a timely-filed administrative complaint." In addition, paragraph 67 of defendant's answer states: "Plaintiff's claims are barred, in whole or part, by her failure to timely exhaust her administrative remedies." Finally, in paragraph 74, defendant states: "There has been no exhaustion of administrative remedies regarding a claim of disparate impact of employees in the protected age group, and such claims are barred." In sum, the record as a whole does not support plaintiff's argument that defendant has admitted that plaintiff has exhausted administrative remedies. The plain language of the answer suggests otherwise.

The Court next turns to plaintiff's argument that the EEOC recognized her Intake Questionnaire as a charge. Plaintiff contends that the Intake Questionnaire includes allegations of disparate impact and she has therefore exhausted administrative remedies with respect to her disparate impact claim.

Plaintiff's argument in response to defendant's exhaustion argument reveals that she implicitly agrees that the charges filed with the EEOC and the KHRC on August 11, 2014 and September 4, 2014 did not include a disparate impact claim. Plaintiff attempts to save her disparate impact claim by asserting that her EEOC Intake Questionnaire submitted on July 18, 2104 is a separate charge of discrimination.

The Court agrees with defendant that the formal charges of discrimination which plaintiff filed with the EEOC and the KHRC do not include a disparate impact claim. Moreover, plaintiff's disparate impact claim is not reasonably related to the allegations in those charges. The allegations contained in those charges do not create a reasonable expectation that the EEOC would investigate a claim of disparate impact. The charges do not mention a facially neutral policy or any adverse effects on a protected class. The charges contain only allegations about actions that, if true, could establish that defendant treated plaintiff less favorably because of age.

Pippin, 440 F.3d at 1192.  The charges do not contain any allegations that could have put the EEOC or the KHRC on notice that plaintiff claimed an employment practice that, though lacking a discriminatory motive, operated as a functional equivalent to intentional discrimination.  Id.  While the governing law does not require plaintiffs to use technical labels or magic words, they must fairly communicate enough information to the put the administrative agency on notice to investigate a claim of disparate treatment.  Neither charge communicated this content.  Therefore, the Court must conclude that plaintiff did not exhaust administrative remedies on her disparate impact claims under either the ADEA or the KADEA.  See Leo, 2009 WL 3122502 at *5.

With this conclusion, the Court must now consider whether plaintiff's EEOC Intake Questionnaire saves her disparate impact claim.  The Supreme Court has held that where certain criteria are satisfied, documents such as "Intake Questionnaires," may be considered "charges" within the meaning of the ADEA.  Federal Express Corp. v. Holowecki, 552 U.S. 389, 394 (2008).  Specifically, in Holowecki, the Court determined that plaintiff's filing of an Intake Questionnaire accompanied by an affidavit including "a request for the agency to act" satisfied the ADEA requirement that "a charge" be filed with the EEOC at least 60 days before plaintiff may commence a civil action.  Id. at 395.

The importance of Holowecki here is somewhat limited.  The Intake Questionnaire in this case is different from Holowecki because the plaintiff here filed two formal charges after the questionnaire, before filing this action.  This case is controlled by Green v. JP Morgan Chase Bank Nat'l Assn., 501 Fed. Appx. 727 (10th Cir. 2012).  See Halsey v. United Parcel Serv., Inc., No. 14-cv-2312-JAR, 2015 WL 73685 at *5 (D. Kan. Jan. 6, 2015) (plaintiff did not exhaust administrative remedies on age discrimination claim where included in Intake Questionnaire but

omitted in two formal charges filed after Intake Questionnaire, before commencement of lawsuit).

In Green, plaintiff filed a formal charge of discrimination with the Oklahoma Human Rights Commission alleging race discrimination only.  Green, 501 Fed. Appx. at 730.  Then, in his complaint in federal court, plaintiff added a retaliation claim.  Id.  Relying on Holowecki, plaintiff argued that the retaliation claim was not barred because his intake questionnaire clearly set forth allegations of retaliation and could be construed as a request for agency action.  Id. at 731.  The Tenth Circuit disagreed, noting that "Holowecki did not address the situation ... where a claimant files an initial intake questionnaire, then timely files a formal charge that becomes the basis of the agency's investigation, all before commencing a lawsuit."  Id.  The court continued, "it would defeat the statutory scheme to find exhaustion where an employee includes a claim in the intake questionnaire, but then omits it in a timely subsequent formal charge that forms the basis for the administrative proceedings."  Id. (citing Barzanty v. Verizon Pa., Inc., 361 Fed. Appx. 411, 415 (3rd Cir. 2010)).

Based upon Green, the Court finds that plaintiff's Intake Questionnaire did not constitute a charge.  It cannot be used to expand the scope of the formal charges filed after the questionnaire, before the commencement of this lawsuit.  Plaintiff mentioned the possibility of a disparate impact claim in the Intake Questionnaire but failed to mention any such claim in her two subsequent formal charges.  As noted in Green and Halsey, the questionnaire cannot be used to expand the scope of the formal charges in these circumstances.  Accordingly, the Court lacks subject matter jurisdiction over plaintiff's disparate impact claim.  This claim shall be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave To File Surreply (Doc. #27) filed April 20, be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant's Motion For Partial Summary Judgment (Doc. #13) filed February 11, 2105 be and hereby is **SUSTAINED**.  Plaintiff's claims of disparate impact discrimination under the ADEA and the KADEA are hereby **DISMISSED** for lack of subject matter jurisdiction.

Dated this 28th day of August, 2015 at Kansas City, Kansas.

s/Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge